No. 22-11299-JJ

IN THE
# United States Court of Appeals
FOR THE ELEVENTH CIRCUIT

MARJORIE TAYLOR GREENE, an individual,

*Plaintiff-Appellant*

v.

MR. BRAD RAFFENSPERGER, in his official capacity as Georgia Secretary of State, MR. CHARLES R. BEAUDROT, in his official capacity as an Administrative Law Judge for the Office of State Administrative Hearings for the State of Georgia,

*Defendants-Appellees, and*

DAVID ROWAN, *et al.*,

*Intervenor-Defendants-Appellees*.

On Appeal from the United States District Court for the Northern District of Georgia Atlanta Division

**TIME SENSITIVE MOTION TO EXPEDITE APPEAL**

James Bopp, Jr.
Melena S. Siebert
THE BOPP LAW FIRM, PC
1 South 6th Street
Terre Haute, Indiana 47807
Telephone: (812) 232-2434

*Counsel for Appellant*

Docket No.: 22-11299 Greene v. Secretary of State for the State of Georgia, et al.

# UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

## CERTIFICATE OF INTERESTED PERSONS

## AND CORPORATE DISCLOSURE STATEMENT (CIP)

Pursuant to FRAP 26.1 and Local Rule 26.1-1,

Greene, Marjorie Taylor

who is Appellant, makes the following disclosure:

1. Is party a publicly held corporation or other publicly held entity? No

2. Does party have any parent corporation? No

3. Is 10% or more of the stock of a party owned by a publicly held corporation or other publicly held entity? No

4. Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation? No

5. Is party a trade association? No

6. Does this case arise out of a bankruptcy proceeding? No

7. Is this a criminal case in which there was an organizational victim? No

Signature: /s/ James Bopp, Jr.          Date: 4/26/2022

Counsel for: Marjorie Taylor Greene, Plaintiff-Appellant

Plaintiff-Appellant Marjorie Taylor Greene ("**Rep. Greene**") respectfully moves this Court to expedite her appeal in the above-captioned matter and to adopt her proposed briefing schedule pursuant to 28 U.S.C. § 1657, Federal Rule of Appellate Procedure 31(a)(2), and Eleventh Circuit Local Rule 27-1(b).

In support of this Motion, Rep. Greene shows the Court as follows:

### Statement of Facts

This appeal arises from the district court's denial of a preliminary injunction, which sought to bar the Intervenor-Defendants-Appellees' ("**Challenger**s") Challenge to Rep. Greene's candidacy under Georgia law. O.C.G.A. § 21-2-5. ("**Challenge Statute**").

Rep. Greene currently serves as a Member of the U.S. House of Representative, for Georgia's 14th Congressional District. Rep. Greene filed her candidacy, for the upcoming midterm elections, for Georgia's 14th congressional district on March 7, 2022 and amended that filing on March 10, 2022. Stipulated Facts, ECF No. 38, ¶¶ 1,2.

On March 24, 2022, several Challengers filed a Challenge against Rep. Greene. Stipulated Facts, ¶ 3. The Greene Challenge stated that Rep. Greene "does not meet the federal constitutional requirements for a Member of the U.S. House of Representatives and is therefore ineligible to be a candidate for such office."

2

Greene Challenge, ECF No. 3-1, ¶ 1. The Greene Challenge was based upon claims that Rep. Greene "aided and engaged in insurrection to obstruct the peaceful transfer of presidential power, disqualifying her from serving as a Member of Congress under Section Three of the Fourteenth Amendment to the U.S. Constitution ("**§ 3**") and rendering her ineligible under state and federal law to be a candidate for such office." *Id.*

Rep. Greene vigorously denies that she "aided and engaged in insurrection to obstruct the peaceful transfer of presidential power," but this litigation is not based in Rep. Greene's factual defenses. Instead, this matter is before the Court based upon various constitutional and legal challenges to the Georgia Challenge Statute itself and its application here. Rep. Greene asserted the following claims:

- **(Counts I and II):** the Challenge Statute's Provisions triggering a government investigation based solely upon a Challenger's "belief" that Rep. Greene is unqualified and the administrative procedures under which the Challenge is being heard violate Rep. Greene's First Amendment right to run for political office and Due Process protections under the Fourteenth Amendment;

- **(Count III):** the Challenge Statute usurps the U.S. House of Representative's power to make an independent, final judgment on the

3

qualifications of its Members, so it violates U.S. Const. Art. 1, § 5; and

- **(Count IV):** the Challenge Statute, as applied to Rep. Greene under § 3, violates The Amnesty Act of 1872.

The Greene Challenge has been referred by Sec. Raffensperger to the OSAH, which assigned the matter to ALJ Beaudrot. Stipulated Facts, ¶ 6. The OSAH hearing took place on April 22, 2022, a decision is expected shortly from ALJ Beaudrot and a determination by Sec. Raffensperger very soon after that.

## Argument

This Court should expedite this appeal and adopt Appellant's Proposed Briefing Schedule.

The reasons for expediting consideration of this appeal are straightforward. The State of Georgia will conduct a primary election on May 24, 2022, and a general election on November 8, 2022.[1] Absentee ballots for the primary election will begin to be mailed on April 25, 2022. Early in-person voting for the primary election will begin on May 2, 2022. On January 3, 2023, the 118th United States Congress will be sworn in.

As it stands, Rep. Greene was already subjected to an administrative hearing

---

[1] https://sos.ga.gov/sites/default/files/forms/2022%20State%20Scheduled%20Elections%20Short%20Calendar.pdf

on April 22, 2022, which Rep Greene claims violated her constitutional rights. The ALJ will reach factual conclusions and an initial decision on the Challenge, with a subsequent decision by Sec. Raffensperger on whether she is disqualified under § 3. O.C.G.A. § 21-2-5(d)(2)(3). Under the Challenge Statute, either party will then be able to appeal Sec. Raffensperger's decision. *Id.* at 5(e). Under the Challenge Statute, only on appeal could Rep. Greene's constitutional and federal law claims be considered and decided in the appropriate state courts in Georgia. *Id.*  Even with an expedited process, it is virtually impossible the Challenge Statute process, including appeals, can be concluded before absentee ballots begin to be mailed (in five days) and in-person early voting begins (in eleven days). It is highly unlikely that the Challenge Statute process, including appeals, will be concluded before the primary election on May 24, 2022.

    Because Rep. Greene's name is on the ballot, some absentee voters and in-person early voters will cast their ballots for her. If  Rep. Greene is then found to be disqualified based upon the § 3 Challenge, Sec. Raffensperger will be required to immediately either re-print ballots or place signs notifying in-person voters of her disqualification if the ballots cannot be re-printed. *Id.* at 5(c). But under the Challenge Statute, any ballots cast for Rep. Greene in that case will not count, *id.,* and depending on the timing of any adverse decision, voters will not be able to

5

vote for Rep. Greene at all. Voters in the 14th Congressional District face the very real threat that they will not get to cast their ballots for the representative of their choice, based upon a constitutionally flawed and unlawful Challenge Statute, as applied in a equally unlawful § 3 Challenge. However, under the administrative procedures employed by Georgia to process this § 3 Challenge, no decision can be rendered on Rep. Greene's serious constitutional and federal law defenses, raised in this appeal, until after an adverse decision and only in an appeal to Georgia state court. Before these constitutional and federal law defenses can be heard, Georgia voters and Rep. Greene will suffer irreparable harm.

Rep. Greene filed her Complaint in the federal district court in order to have her constitutional and federal law claims decided expeditiously and now seeks this expeditious interlocutory appeal of the denial of the preliminary injunction in order to remedy the district court's errors in law. In her Appellant Brief, filed concurrently with this motion, Rep. Greene analyzes her likelihood of success on the merits, the prospect of her irreparable injury, the balance of harms between Rep. Greene and the State, as well as the public interest. Those arguments are incorporated herein by reference.

To that end, Rep. Greene proposes the following schedule for briefing and oral argument:

| | |
|---|---|
| April 27, 2022 | Appellant Brief Filed |
| May 4, 2022 | Appellee's Brief |
| May 6, 2022 | Appellant's Reply Brief |
| At the Court's earliest opportunity | Oral Argument, if needed |

Although this proposed schedule is expedited, it is not unreasonable in light of the fact the district court's decision as well as the ongoing administrative proceedings will directly affect every registered voter in Georgia's 14th Congressional District who casts a ballot in the 2022 elections and potentially Rep. Greene's reelection itself.

Appellees are capable of complying with the proposed schedule, as the same counsel, from a well-funded national group launching similar § 3 Challenges against other Congressmen though out the United States, Free Speech for People, has sought (as Appellants), and been granted, expedition in the Fourth Circuit on similar issues. *See Cawthorn v. Circosta*, et al., No. 22-1251, Doc. 69 (4th Cir.) (April 7, 2022).

## Conclusion

For these reasons, Rep. Greene urges this Court to expedite the schedule for briefing and oral argument in this appeal and to issue a decision well before the May 24th Georgia primary.

7

April 27, 2022                              Respectfully submitted,

/s/ James Bopp, Jr.
James Bopp, Jr., Ind. Bar No. 2838-84
Melena S. Siebert, Ind. Bar No. 35061-15*
THE BOPP LAW FIRM, PC
1 South 6th Street
Terre Haute, Indiana 47807
Telephone: (812) 232-2434
Facsimile: (812) 235-3685
jboppjr@aol.com
msiebert@bopplaw.com
*Attorneys for Plaintiff-Appellee*
*Application for *pro hac vice* admission pending

## Certificate of Compliance

I hereby certify that the foregoing document complies with the typeface requirements and the type-volume limitations of Federal Rules of Appellate Procedure 32(a)(7)(B) because it contains 1,215 words (calculated using the word count function of the word processing program used to draft the foregoing), excluding the parts of the motion exempted by Federal Rules of Appellate Procedure 32(f) and used Times New Roman, 14 point font.

/s/ James Bopp, Jr.
James Bopp, Jr.

## Certificate of Service

I certify that on April 27, 2022, I caused the foregoing document and all attachments thereto to be electronically filed with the Clerk of Court for the U.S. Court of Appeals for the Fourth Circuit using the appellate CM/ECF system. Counsel for all parties and proposed-intervenors received notice of this filing through the CM/ECF system and via email.

/s/ James Bopp, Jr.
James Bopp, Jr
